IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

GILBERT LESTER SPURLOCK,

    Plaintiff,

V.                                     CIVIL ACTION NO. 3:07-CV-0643

U.S. ARMY CORPS OF ENGINEERS,
and MARK ADKINS,

    Defendants.

## FINDINGS AND RECOMMENDATION

In this action, removed by the United States from the Circuit Court of Cabell County under the provisions of 28 U.S.C. §1442(a)(1), the United States has filed a motion to dismiss under the provisions of Rule 12(b), Fed.R.Civ.P., asserting that the Court lacks "personal and subject-matter jurisdiction." Plaintiff has filed a response and the matter is ready for decision.

In his complaint, plaintiff asserts, inter alia, that the Department of the Army and Mark Adkins, an employee, allowed the Bank of America to garnish his wages "without a court order or my written permission." He seeks monetary damages from the Corps, including $30,000.00 for "public humiliation ... disgrace, false accusations... ." In its motion to dismiss, the United States asserts, and plaintiff does not contend otherwise, that the United States Army Corps of Engineers is a division of the United States Army and an agency of the United States and that the allegations with respect to the defendant Adkins concern conduct in the scope of Adkins' employment.

As the United States has pointed out in its memorandum in support of the motion to dismiss, in the absence of consent[1] the doctrine of sovereign immunity precludes suit against the United States and its employees acting in the scope of their employment.[2] Moreover, since Congress has not authorized actions against the United States in state courts,[3] it necessarily follows that the Circuit Court of Cabell County lacked jurisdiction over plaintiff's suit against the Corps and Mr. Adkins. The absence of jurisdiction becomes important in this case since defendants removed the case from state court under the provisions of 28 U.S.C. §1442(a)(1), the federal-officer removal statute. Removal under this statute, unlike removal under §1441, implicates the doctrine of derivative jurisdiction. Under this doctrine, as defendants assert and as the Court of Appeals for the Fourth Circuit recently held in a case from this division, "a federal court's jurisdiction over a removed case mirror[s] the jurisdiction that the state court had over the action prior to removal." Palmer v. City National Bank of West Virginia, 498 F.3d 236, 239 (4th Cir. 2007). Thus, if the state court was without jurisdiction, this Court acquires none. While the doctrine of derivative jurisdiction has been criticized, as the Palmer decision makes clear, it is the law of this circuit, and the absence of jurisdiction in the Circuit Court of Cabell County results in a similar absence of jurisdiction in this Court.[4]

---

[1] See, United States v. Testan, 424 U.S. 392, 399 (1976); F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).

[2] "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration'... ." Dugan v. Rank, 372 U.S. 609, 620 (1963).

[3] See, 28 U.S.C. §1346.

[4] Beyond the absence of subject-matter jurisdiction, there are, as defendants have argued in their motion, other grounds supporting dismissal. In the absence of jurisdiction, however, the Court does not address those issues.

**RECOMMENDATION**

It appearing that, under the doctrine of derivative jurisdiction, this Court lacks subject-matter jurisdiction, it is **RESPECTFULLY RECOMMENDED** that defendants' motion to dismiss be granted and that plaintiff's complaint be dismissed.

Plaintiff and defendants are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days from the date of filing of these Findings and Recommendation, serve and file written objections with the Clerk of this Court identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The Judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and mail a copy of the same to plaintiff and counsel of record.

DATED: August 4, 2008

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE