IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

GILBERT LESTER SPURLOCK,

        Plaintiff,

v.                                     CIVIL ACTION NO. 3:07-CV-0643

U.S. ARMY CORPS OF ENGINEERS,
and MARK ADKINS,

        Defendants.

## ORDER

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings and recommended that Plaintiff's complaint, and this action be dismissed. The Plaintiff has filed an objection to the Magistrate Judge's findings and recommendation. The Court, having reviewed, de novo, the pleadings and Plaintiff's objection, **ADOPTS** the Magistrate Judge's Findings and Recommendation.

The complaint seeks to sue the United States Army Corps of Engineers and Mark Adkins, an employee. The U.S. Army Corps of Engineers is a division of the United States Army and an agency of the United States. Additionally, Plaintiff seeks to sue Adkins based on conduct within the scope of his employment.

Defendants Motion to Dismiss addresses sovereign immunity; Plaintiff's objection does not respond to this issue. The doctrine of sovereign immunity precludes suits against the United States and its employees when they are acting within the scope of their employment. *Dugan v. Rank,* 372

U.S. 609 (1963). While Congress has the authority to determine when sovereign immunity can be waived, Congress has not authorized actions against the United States in state court. 28 U.S.C. § 1346. This means that the Circuit Court of Cabell County lacked jurisdiction over plaintiff's suit against both defendants.

Plaintiff filed suit in state court and Defendants removed to federal court based on 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) states that any suit filed against the United States or an officer of the United States for conduct occurring under the color of such office may be removed to the district court and division where it is pending. 28 U.S.C. § 1442(a)(1). When the suit is removed to federal court, the action is subject to derivative jurisdiction. *Palmer v. City National Bank,* 498 F.3d 236 (4th Cir. 2007). This means that the federal court's jurisdiction is derived from that of the state court. Here, as established above, the state court did not have jurisdiction; thus, this Court does not have jurisdiction.

For these reasons, the Court **ADOPTS** the Magistrate Judge's Findings and Recommendations and **GRANTS** Defendant's Motion to Dismiss. Further, because the Court has dismissed the case and established that the state court does not have jurisdiction, Plaintiff's Motion to Remand the Case to Circuit Court of Cabell County is **DENIED** and Plaintiff's Motion for Conference meeting is also **DENIED.** The Court therefore **DISMISSES** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

ENTER:   August 21, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE